Phyllis Gilmore Executive Director Behavioral Sciences Regulatory Board 712 S.W. Kansas Avenue Topeka, Kansas 66603-3817
Dear Ms. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board you inquire about the application of the Kansas Tort Claims Act[1] to members of the Board's advisory committees.
You inform us that the advisory committees are composed of licensed professionals of a given profession[2] who serve on a volunteer basis. The committees are established by Board policy. Members of the committees are appointed by the Board chair for a specified term of years. A Board member licensed in a particular profession is assigned to the corresponding advisory committee. That Board member schedules meetings, sets the agenda and chairs the meetings. The committees assist the Board in various advisory capacities. In one such capacity, a committee member (or members) review and consult with the Board member assigned to evaluate complaints filed against licensed professionals. [Such committee member is not later utilized as an expert witness in any subsequent disciplinary action.] You ask about the applicability of the Kansas Tort Claims Act (KTCA) to a committee member acting within this context.
Generally, the KTCA imposes liability on a governmental entity for damages caused by the negligent or wrongful acts or omissions of its employees while acting within the scope of their employment under the same circumstances that a private person would be liable.[3] In case of a lawsuit against a governmental entity, and upon sufficient request, the KTCA provides for representation by the Attorney General's office and payment of any ensuing settlement or judgment for damages caused by such acts or omissions of any employee of a governmental entity while acting with the scope of employment.[4]
Therefore, we must address whether members of the Board's advisory committees may be considered "employees" of the Board for purposes of the KTCA. The Act defines the term "employee" in pertinent part as:
 "[A]ny officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation . . . but does not otherwise include any independent contractor under contract with a governmental entity. . . ."[5]
As pointed out by the Kansas Supreme Court in Bonewell v. City of Derby,[6] this statute "provides a broad definition of `employee,'"[7]
excluding only independent contractors. In that case, the Court determined that for purposes of the KTCA, members of a private organization assisting a city in carrying out a public purpose were considered employees of the city. In the situation you present, members of a Board established advisory committee assist the Board in carrying out its public protection purpose by reviewing complaints and consulting with an assigned Board member. In this context we opine that the advisory committee members are acting in the service of a governmental entity in an official capacity, and thus may be considered Board employees for purposes of the KTCA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 75-6101 et seq.
[2] Psychology advisory committee, masters level psychology advisory committee, professional counselor advisory committee, social work advisory committee, and marriage and family therapy advisory committee.
[3] K.S.A. 75-6103.
[4] K.S.A. 75-6108.
[5] K.S.A. 75-6102.
[6] 236 Kan. 589 (1985).
[7] Id., at 593.